IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| v. : | **Criminal No. 99-363-02** |
| **FRANK GAMBINO** : | |

**O R D E R**

AND NOW, this _____ day of _____, 2006, upon consideration of the government's motion pursuant to 28 U.S.C. § 2044 to pay restitution with bail funds posted by the defendant in the above-referenced case, for cause shown, the Court concludes that the motion should be granted, and, therefore, it is hereby

ORDERED that the Motion of United States of America to Pay Restitution with Bail Money is GRANTED; and it is further

ORDERED that the Clerk of Court shall apply the sum of $4,000 from the funds previously deposited by the defendant with the registry of this Court for purposes of a criminal appearance bail bond as payment toward restitution imposed in this case.

_____
**HONORABLE R. BARCLAY SURRICK**
**United States District Judge**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | Criminal No. 99-363-02 |
| **FRANK GAMBINO** | : | |

**MOTION OF UNITED STATES OF AMERICA**
**TO PAY RESTITUTION WITH BAIL MONEY**

The United States of America, by its attorneys, Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, and Joseph F. Minni, Assistant United States Attorney, pursuant to 28 U.S.C. § 2044, requests this Court to enter an Order directing the Clerk of Court to apply funds previously posted by the defendant for the purposes of a criminal appearance bail bond to pay restitution imposed upon the defendant in the above-captioned case, and in support of this motion states as follows:

1. On July 20, 2001, a jury convicted the defendant, Frank Gambino, on one count of RICO conspiracy, one count of violating the RICO statute, four counts of receipt of stolen goods, one count of conspiracy to receive stolen goods, and aiding and abetting, in violation of 18 U.S.C. §§ 1962(d), 1962(c), 659, 371, and 2.

2. On December 4, 2001, the Honorable Herbert J. Hutton sentenced the defendant to a total of 71 months of imprisonment and 3 years of supervised release. Judge Hutton also ordered the defendant to pay $267,617.89 in restitution and a $700 special assessment.

      3.      To date, the defendant has paid the special assessment and $350 in restitution. The current balance owed for restitution, excluding accrued statutory interest, is $267,267.89.

      4.      On December 16, 1999, the defendant posted with the Clerk of Court a criminal appearance bail bond in the amount of $4,000. The Clerk of Court currently is in the possession of these funds.

      5.      28 U.S.C. § 2044 provides, in relevant part:

> On motion of the United States attorney, the court shall order any money belonging to and deposited by or on behalf of the defendant with the court for purposes of a criminal appearance bail bond (trial or appeal) to be held and paid over to the United States attorney to be applied to the payment of any assessment, fine, restitution, or penalty imposed upon the defendant.

      6.      This Court should not release the cash bail posted by the defendant for any purpose except as payment for his restitution obligation. The government has an interest in the defendant's property, and it may enforce restitution against all non-exempt property owned by the defendant. 18 U.S.C. § 3613(a). Also, pursuant to 18 U.S.C. § 3613(c), a lien exists against these funds in favor of the government to secure payment of the restitution obligation.

      7.      Furthermore, federal law provides that the government enforces restitution in the same manner as a criminal fine. See 18 U.S.C. §§ 3613(f), 3664(m)(1)(A). In this regard, the government notes that Local Criminal Rule 32.2

specifically provides that the sentence to pay a fine constitutes a lien in favor of the United States on the bail deposit that can only be removed by this Court.

8. The defendant currently pays restitution at the rate of $25 per month. The defendant is 74 years old, is unemployed, and has limited financial resources. The government to date has not been able to locate or identify any other assets belonging to the defendant that could be used as payment for restitution.

9. Restitution imposed by this Court remains outstanding. Accordingly, the government requests that this Court enter an Order directing the Clerk of Court to apply the bail money posted by the defendant to satisfy his restitution obligation.

WHEREFORE, for the reasons explained above, the government requests that this Court grant the motion.

                                Respectfully submitted,

                                PATRICK L. MEEHAN
                                United States Attorney

                                /s Joseph F. Minni
                                JOSEPH F. MINNI
                                Assistant United States Attorney

Date: July 17, 2006.

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the MOTION OF UNITED STATES OF AMERICA TO PAY RESTITUTION WITH BAIL MONEY has been served by first class mail, postage prepaid upon:

>NiaLena Caravasos, Esquire
>FITZPATRICK, FITZPATRICK & CARAVASOS, P.C.
>Public Ledger Building, Suite 926
>610 Chestnut Street
>Philadelphia, PA 19106-3409
>
>Carmen Vasquez Ongay
>United States Probation Officer
>Federal Building, Suite 2400
>600 Arch Street
>Philadelphia, PA 19106

>/s Joseph F. Minni
>JOSEPH F. MINNI
>Assistant United States Attorney

Date: July 17, 2006.